IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERYNN T. MESTAS,

        Plaintiff,

vs.                                                    No. 09-cv-1172-WJ/ACT

STATE OF NEW MEXICO
ENVIRONMENT DEPARTMENT
et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Title VII and New Mexico Human Rights Claims Against Individual Defendants and Supporting Memorandum (Doc. 23). Defendants Carlos Romero, Charles Lundstrom, Salomon Romero, John Rhoderick, David Torres, Norman Norvelle, and Judy Bentley ("Defendants") seek to dismiss the Title VII and New Mexico Human Rights Act claims against them. Having considered the parties' briefs and applicable law, the Court finds that Defendants' motion is well taken and shall be granted.

**BACKGROUND**

Plaintiff filed this employment discrimination lawsuit against her former employer, the State of New Mexico Environment Department ("NMED"), and several supervisors and co-employees, claiming she was subjected to a hostile work environment, retaliation, wrongful discharge, and gender- and race-based harassment. The complaint asserts causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Mexico Human Rights Act

("NMHRA"). The individual defendants are named both individually and in their official capacities. They now move to dismiss all claims arising under Title VII and the NMHRA (Counts I though VI of the complaint), arguing that they are improper defendants under the appropriate legal standards. Defendants argue that under Title VII, they may not be sued in their personal capacities and hence the employer is the only proper defendant under this Act. Defendants further argue that the NMHRA jurisdictional requirement of exhaustion has not been satisfied with respect to the claims against the individual defendants, and so the NMHRA claims against them must be dismissed.

## DISCUSSION

**I.      Title VII**

The hallmark of a Title VII claim is that it applies only to employers or employees in their official capacity. *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) (citing *Sauers v. Salt Lake County*, 1 F.3d 1122, 1127 (10th Cir. 1993)); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). Thus, the Title VII claims against Defendants in their personal capacities must be dismissed.

A Title VII claim can normally proceed against a supervisory employee when named in his or her official capacity. *W.D. Sports*, 497 F.3d at 1083 n.1. However, Plaintiff's ability to maintain a Title VII claim against both NMED and the individual defendants in their official capacities is a different question. Suing the individual defendants in their official capacities does not render them liable; it is simply one way of filing suit against Plaintiff's employer. The best reading of Tenth Circuit precedent is that Plaintiff cannot have it both ways by suing the employer *and* the named supervisory employee as a means of asserting the claim against the employer. See *W.D. Sports*, 497 F.3d at 1083 n.1 (regarding the employer as the sole defendant

to the Title VII claim); *Haynes*, 88 F.3d at 899 ("We think the proper method for a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly (emphasis added)). Suing both the employees in their official capacities and the employer is redundant and confusing, and possibly opens the door to double recovery. *Cf. Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Thus, Plaintiff's proposal to keep the individual defendants as named in their official capacities as well as the employer will be rejected and the Title VII claims against Defendants will be dismissed with prejudice.

## II.     NMHRA

"[C]ompliance with the grievance procedure in the Human Rights Act is a prerequisite to suit in district court under the Act." *Luboyeski v. Hill*, 872 P.2d 353, 355 (N.M. 1994). The requirement is jurisdictional and a failure to exhaust this administrative remedy will result in a dismissal of the plaintiff's case. Notably, the grievance procedure must be exhausted with respect to every party named in the lawsuit. The failure to name individual defendants as respondents to a charge of discrimination bars suit against those individuals in court. "[I]ndividual defendants cannot be sued in district court under the Human Rights Act unless and until the complainant exhausts her administrative remedies against them." *Id.*; *see also Sonntag v. Shaw*, 22 P.3d 1188, 1193 (N.M. 2001) (dismissing an individual defendant from the case because the plaintiff had not named the defendant in her complaint to the Human Rights Division).

Here, Defendants have shown that they were not named in the complaint to the Human

Rights Division. *See* Defs.' Ex. A (Doc. 23-1).[1] Plaintiff argues in response that the movants are proper defendants under *Sauers v. Salt Lake County*, 1 F.3d 1122 (10th Cir. 1993), and under 42 U.S.C. § 1983. These authorities are not particularly helpful to the Plaintiff's case. First, *Sauers* did not deal with claims arising under the NMHRA and is thus not on point for this particular argument. Second, Defendants' motion does not request dismissal of the § 1983 claims against them. Counts X and XI of the complaint are not implicated by the motion and will not be discussed in this order. Thus Plaintiff's argument misses the point, and Defendants' motion must be granted. The NMHRA claims against Defendants will be dismissed without prejudice. *Mitchell-Carr v. McLendon*, 980 P.2d 65, 71-72 (N.M. 1999) (dismissal for lack of subject matter jurisdiction is without prejudice).

**THEREFORE, IT IS ORDERED THAT** Defendants' Motion to Dismiss Title VII and New Mexico Human Rights Claims Against Individual Defendants (Doc. 23) is GRANTED. Counts I through VI of the Complaint are hereby dismissed as against Defendants Carlos Romero, Charles Lundstrom, Salomon Romero, John Rhoderick, David Torres, Norman Norvelle, and Judy Bentley. The Title VII claims are dismissed with prejudice and the NMHRA claims are dismissed without prejudice.

UNITED STATES DISTRICT JUDGE

---

[1] The Court may rely upon this exhibit without converting this motion to dismiss into a motion for summary judgment by taking judicial notice of the administrative record from the New Mexico Human Rights Division. *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000); *cf. Martinez v. City & County of Denver*, No. 08-cv-01503, 2010 WL 1380529, at * 1 (D. Colo. Mar. 31, 2010) (taking judicial notice of discrimination charges filed with the EEOC).